IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Donald Bindus, | Case No. 1:08 CV 192 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Stuart Hudson, | |
| Respondent. | |

**INTRODUCTION**

*Pro se* Petitioner Donald Bindus filed a Petition for a Writ of Habeas Corpus (Doc. No. 1). This Court has jurisdiction under 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Petitioner is in custody of the State and has alleged that his detention violates the Sixth Amendment of the U.S. Constitution.

The case was referred to United States Magistrate Judge Vernelis Armstrong for a Report and Recommendation (R&R) pursuant to Local Rule 72.2(b)(2). The Magistrate recommends the Court dismiss the Petition because it was filed after the statute of limitations had expired (Doc. No. 11). Petitioner filed an Objection to the Magistrate's R&R (Doc. No. 12). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings.

**DISCUSSION**

**Factual and Procedural History**

Petitioner does not object to the factual and procedural history in the R&R. However, the Court notes that Petitioner is incarcerated at MANCI, not Madison as stated in the R&R. Outside of this correction, the R&R accurately reports the factual background and the state court proceedings, and the Court adopts them in their entirety.

**Statute of Limitations**

The Magistrate found that the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) expired before Petitioner filed this Writ. Petitioner argues that he filed timely.

The AEDPA one-year limitation period begins to run from the latest of four events: (1) "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," (2) the date on which an unconstitutional impediment to filing an application is removed, (3) the date on which a newly recognized constitutional right applies retroactively to the applicant's case, or (4) "the date on which the factual predicate of the claim . . . could have been discovered." 28 U.S.C. § 2244(d)(1)(A)-(D). In Petitioner's case, the date on which the judgment became final determines the date on which the one-year statute of limitations began to run.

Under Ohio law, "[a] judgment becomes final within thirty days of the state trial court's judgment if the prisoner fails to file a timely appeal in the state court." *Flannery v. Wilson*, No. 1:05 CV 2210, 2006 WL 1587376, *2 (N.D. Ohio 2006) (*citing* Ohio R. App. Proc. 4(A)). Petitioner had thirty days in which to perfect an appeal from the March 7, 2005 judgment of the state court. Because he failed to file a notice of appeal within this time period, his judgment became final on April 6, 2005.

In his Objection, Petitioner asserts that the Ohio Supreme Court's consideration of his motion for leave to file a delayed appeal, which Petitioner filed on November 27, 2006, constituted "direct review" of the state court judgment. Therefore, Petitioner argues, the one-year AEDPA statute of limitations did not begin to run until the Ohio Supreme Court denied that motion on January 24, 2007.

The Sixth Circuit has held that a delayed appeal motion cannot be considered part of direct review under 28 U.S.C. § 2244(d)(1)(A) to restart the running of the one-year limitations period at zero, but rather can only be considered for tolling purposes under § 2244(d)(2). *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Because Petitioner did not file his motion for delayed appeal with the Ohio Supreme Court until November, 27, 2006, well after the expiration of the statute, the time during which Petitioner's motion in the Ohio Supreme Court was pending cannot be considered in the calculation of the one-year limitation period. The statute of limitations expired on October 20, 2006 (includes tolling for other motions filed by Petitioner in state courts), more than one month before Petitioner filed this Petition.

## CONCLUSION

Tolling cannot occur after the limitation period has already expired. The Magistrate correctly held the statute of limitations expired for this Petition. This Petition is procedurally barred. The R&R is affirmed.

IT IS SO ORDERED.

                                           s/ *Jack Zouhary*
                                           JACK ZOUHARY
                                           U. S. DISTRICT JUDGE

                                           March 19, 2009